IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONALD P. ELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-0243-CV-W-GAF-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff, Donald Ely, filed two applications under the Social Security Act (the Act). The first application was for disability benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq*. The second application was for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*. Both applications were denied initially. On October 29, 2008, following a hearing, the administrative law judge (ALJ) rendered a decision that Plaintiff was not under a "disability" as defined in the Act at any time when he met the earnings requirements of the law, or at any time through the date of the decision. On March 20, 2009, after receiving additional evidence, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

The standard of judicial review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). Evidence

that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Finch*, 547 F.3d at 935 (citing *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004)). A court should disturb the ALJ's decision only if it falls outside the available "zone of choice," and a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance. *See Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (citations omitted). The Eighth Circuit has further noted that a court should "defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

To establish entitlement to disability benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905 (2009). The Supreme Court in *Barnhart v. Walton*, 535 U.S. 212 (2002), upheld the Commissioner's interpretation of this statutory definition which requires that the disability, as well as the impairment, must have existed or be expected to exist for twelve months.[1]

In this case, the ALJ found that Plaintiff had the following impairments: Marfan's syndrome based on aortic root dilation and lens dislocation retinal detachment with repair; chronic obstructive pulmonary disease (COPD); chronic tobacco abuse; and low back pain. However, Plaintiff was not found to have an impairment or combination of impairments listed in

---

[1] Upon review of the record and the law, the Defendant's position is found to be persuasive. Much of the Defendant's brief is adopted without quotation designated.

or medically equal to one contained in 20 C.F.R. pt. 404, subpt. P, appx. 1, Listings of Impairments. Additionally, the ALJ assessed Plaintiff's residual functional capacity (RFC) and determined that his impairments would not preclude him from performing work that exists in significant numbers in the national economy. The ALJ, consequently, found that Plaintiff was not disabled.

The ALJ evaluated the credibility of Plaintiff's subjective complaints and determined Plaintiff had an RFC that was consistent with the ability to perform other work that exists in significant numbers in the national economy. Credibility questions concerning a claimant's subjective testimony are matters for the Commissioner's discretion. *See Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996). The primary question is not whether Plaintiff actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent him from performing substantial gainful activity. *See McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). Where an ALJ specifically discredits a claimant's testimony for stated reasons, this Court normally defers to the ALJ's determination of credibility. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991).

The ALJ found Plaintiff's testimony was not fully credible and that finding is not at issue on appeal. The ALJ's credibility determination is supported by substantial evidence in the record, as Plaintiff's credibility was discounted based on several factors, including the objective medical evidence of record, Plaintiff's response to treatment, and Plaintiff's activities of daily living.

The ALJ discussed the objective medical evidence regarding each of Plaintiff's impairments. In regard to Plaintiff's Marfan's syndrome based on aortic root dilation and lens

3

dislocation retinal detachment with repair, the ALJ properly stated that the medical evidence showed that treatment had been successful in relieving symptoms. Regarding aortic root dilation, the ALJ correctly noted that in 2006, an echocardiogram revealed normal findings with no active cardiac symptoms. Concerning Plaintiff's lens dislocation retinal detachment with repair, the ALJ correctly stated that since 2005, medical evidence shows that the retina repair remained attached with no obvious break and in follow-up eye exams, Plaintiff's condition was noted as improved. In 2007, Plaintiff's treating physician also noted that Plaintiff had no major symptoms of Marfan's syndrome.

In regard to COPD, since 2005, chest x-rays showed no acute pulmonary pathology. Since 2006, Plaintiff's doctors indicate significant improvement, including no shortness of breath, and Plaintiff reported that his shortness of breath improved 100 percent. As correctly stated by the ALJ in this case, multiple treating physicians record significant improvement in Plaintiff's COPE and that his lungs are clear with no wheezes, crackles, or rhonchi.

Plaintiff's treating physicians also note that Plaintiff's COPD is moderate, but that Plaintiff is noncompliant with tobacco and will not cease smoking. Concerning Plaintiff's chronic tobacco abuse, the ALJ correctly found that the medical evidence is replete with notations of Plaintiff's excessive tobacco use and doctors' as well as pulmonary specialist's instructions to cease tobacco use. In 2006, by way of synopsis of Plaintiff's chronic tobacco abuse, his doctor noted that Plaintiff "has smoked for the last 30 years, and he has done 2-3 packs a day."

Finally, regarding Plaintiff's low back pain, the ALJ properly concluded that Plaintiff received conservative treatment and that this treatment was successful in controlling symptoms

of back pain.  Further, imaging of Plaintiff's spine shows degenerative change without herniation or nerve compression, and there was no finding of acute abnormality.  In May 2006, in an emergency room visit after moving a couch, Plaintiff complained of knee and back pain from this exertion.  In January 2008, Plaintiff's treating physician described Plaintiff's back condition as "a long history of mild low back pain."

The federal regulations state that although an ALJ may not reject a claimant's subjective complaints based solely on the objective medical evidence, such evidence is a useful indicator in making conclusions about the effect of symptoms, such as pain, on the claimant's ability to work.  *See* 20 C.F.R. §§ 404.1529(c) and 416.929(c).  Moreover, the Eighth Circuit Court of Appeals has held that the absence of an objective medical basis to support the degree of a claimant's subjective complaints is an important factor in evaluating the credibility of the claimant's testimony and complaints.  *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991); *Edwards v. Sec'y of Health & Human Servs.*, 809 F.2d 506, 508 (8th Cir. 1987).

Further, Plaintiff does not dispute that the ALJ properly considered Plaintiff's activities of daily living in determining his credibility and correctly determined that Plaintiff had no limitation in this area.  Plaintiff's activities of daily living included taking care of the family dog, daily trips outside, driving a car, shopping when necessary, and handling finances.  The inconsistencies in Plaintiff's subjective complaints and his daily activities diminish his credibility, and this evidence may be relied upon by the ALJ.  *Riggins v. Apfel*, 177 F.3d 689, 692 (8th Cir. 1999); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

The ALJ articulated the inconsistencies upon which he relied in discrediting Plaintiff's testimony regarding his subjective complaints and substantial evidence in the record as a whole supports this credibility finding.

On appeal, Plaintiff does not contest the ALJ's RFC finding. Rather, Plaintiff argues that the ALJ improperly relied on the Medical-Vocational Guidelines, or the "grids," in support of the determination that Plaintiff could perform work that exists in significant numbers in the national economy. The ALJ may use the Medical-Vocational Guidelines located at 20 C.F.R. part 404, subpart P, appendix 2 to direct a finding of "disabled" or "not disabled," when the individual cannot perform his past relevant work and when his vocational factors are the same as the corresponding criteria of a rule. *See* 20 C.F.R. §§ 404.1569 and 416.969.

Before relying upon the Medical-Vocational Guidelines, the ALJ must first determine, based upon the exertional limitations in the RFC, what impact, if any, they have on the full range of work, which the ALJ did here. *See Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). The ALJ must then look to see if the non-exertional limitations in the RFC significantly reduce the occupational base for the exertional level of work. *See Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004) (citing *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995)).

In this case, the ALJ determined Plaintiff had the RFC to perform sedentary work, and he was nonexertionally precluded from climbing ladders, ropes, scaffolds, and balancing. *See* 20 C.F.R. §§ 404.1567(a) and 416.967(a). Social Security ruling 96-9p mandates: Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually

6

required in sedentary work." SSR at 96-9p. The ALJ also determined that Plaintiff should avoid nonexertional environmental conditions of concentrated exposure to extreme temperatures, humidity, fumes, odors, dust, gases, poor ventilation, and hazards. These nonexertional limitations do not curtail Plaintiff's ability to perform unskilled, sedentary work because "few occupations in the unskilled sedentary occupational base require work in environments with extreme cold, extreme heat wetness, humidity, vibration, or unusual hazards." SSR 96-9p. *See* SSR 85-15 (finding that environmental restrictions to avoid excessive amounts of fumes, poor ventilation, noise, dust, etc. have minimal impact on the broad world of work because most job environments are not implicated by these factors).

Plaintiff argues that the ALJ was required to consult a vocational expert to determine the impact of his nonexertional limitations. The ALJ determined that Plaintiff had no non-exertional impairments which reduced his ability to perform work at the sedentary level, and thus, use of the Medical-Vocational Guidelines was proper. *See Loving v. Dep't of Health & Human Servs.*, 16 F.3d 967 (8th Cir. 1994); *Reed v. Sullivan*, 988 F.2d 1344 (8th Cir. 1993).

Plaintiff is critical that the ALJ did not clearly articulate the weight given to Plaintiff's non-exertional impairments. However, even if there is some deficiency in the ALJ's opinion in this regard, the opinion is nonetheless supported by the record, the ALJ's findings and the applicable social security rules and regulations. It is only when a claimant's non-exertional impairments diminish his residual functional capacity to perform the full range of activities listed in the grids that the Commissioner must produce vocational expert testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the claimant's characteristics. *See Clark v. Chater*, 75 F.3d 414, 418 (8th Cir. 1996); *Hall v. Chater*,

62 F.3d 220, 224 (8th Cir. 1995) (quoting *Stewart v. Secretary*, 957 F.2d 581, 586 (8th Cir. 1992)); *Frankl v. Shalala*, 47 F.3d 935, 937 (8th Cir. 1995). *See also* 20 C.F.R. pt. 404, subpt. P, appx. 2, § 200.00(e). When, as here, the ALJ determined that the claimant's non-exertional impairments do not prevent the claimant from performing the full range of work contemplated by the grids, the ALJ is not required to consult with a vocational expert and may properly rely on the Medical-Vocational Guidelines at step five. *See Talbott v. Bowen*, 821 F.2d 511, 515 (8th Cir. 1987).

Plaintiff was 44 years old at the time of the alleged disability onset, which is defined as a younger individual. *See* 20 C.F.R. §§ 404.1563(b) and 416.963(b). He had a tenth grade education. *See* 20 C.F.R. §§ 404.1564(b)(4) and 416.964(b)(4). Based upon these factors, Rule 201.28 of Table No. 1 of appendix 2 of 20 C.F.R., part 404, subpart P, applies and directs a finding of not disabled because "[a]pproximately 200 separate unskilled sedentary occupations can be identified, each representing numerous jobs in the national economy." *See* 20 C.F.R. pt. 404, subpt. P, appx. 2, § 201.00. The Commissioner satisfied his burden of showing that the jobs which Plaintiff is capable of performing exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1566 and 416.966.

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: December 29, 2009